# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| SIGNATURE BUILDING SYSTEMS, INC., <br><br> Plaintiff, <br><br> v. <br><br> SPEARS MANUFACTURING CO., PARTNERS 3190 LLC, and WASHINGTON JP CONSTRUCTION, LLC, <br><br> Defendant. | NO. 3:17-CV-1795 <br><br> (JUDGE CAPUTO) |

## **MEMORANDUM**

Presently before me is the Motion to Remand (Doc. 6) filed by Plaintiff Signature Building Systems, Inc. ("Signature"). For the reasons that follow, the motion will be denied.

## I. Background

Signature commenced this action in the Court of Common Pleas of Lackawanna County, Pennsylvania on or about August 8, 2017 against Spears Manufacturing Co. ("Spears") and Partners 3190 LLC and Washington JP Construction, LLC (collectively, "Partners"). (*See* Doc. 1-1, *generally*). In its complaint for declaratory relief, Signature alleges that between 2015 and 2017, it purchased CPVC pipe manufactured by Spears for use in sprinkler systems for modular homes Signature constructed. (*See id*. at ¶ 4). The piping is alleged to be covered by a "limited lifetime warranty." (*Id*. at ¶ 5). It is further averred that Spears provided training on its piping and at no time did it caution Signature against the use of Propylene Glycol as an antifreeze in the piping system, and, in fact, Spears inspected chemicals used by Signature including Propylene Glycol. (*See id*. at ¶¶ 7-8).

In April 2017, Partners, the purchaser of certain modular units containing

Spears piping in the sprinkler systems, informed Signature that Propylene Glycol had been located in the sprinkler system which could compromise the structural integrity of the piping. (*See id*. at ¶ 9). Thereafter, Signature communicated with Spears requesting that it honor a warranty between the parties. (*See id*. at ¶ 10).

Despite Partners' claim, Signature's own testing of the piping indicated that Propylene Glycol does not impact the structural integrity of the CPVC piping. (*See id*. at ¶ 11). Nonetheless, Partners rejected the modular units purchased from Signature as defective and demanded arbitration before the American Arbitration Association. (*See id*. at ¶¶ 14-15). Signature contends, though, that its agreement with Partners required that this dispute be submitted and decided by PFS, a third party engineering inspector. (*See id*. at ¶ 17). Partners did not respond to Signature's request for this matter to be submitted for resolution to PFS. (*See id*.).

As a result, Signature commenced this action in the Court of Common Pleas of Lackawanna County seeking the following declaratory relief:

> 1. That Signature is entitled to the full benefit of the limited lifetime warranty offered by Spears;
>
> 2. That Spears neither expressly nor implicitly prohibited the use of Propylene Glycol to provide freeze protection.
>
> 3. That the warranty claim made by Partners 3190 LLC and Washington JP Construction, LLC falls squarely within the warranty provision of the contract between the parties requiring the same to be resolved by PFS and any other relief the Court deems just and proper.

(*Id*. at Wherefore Clause).

On October 4, 2017, Partners removed the action to this Court on the basis of diversity of citizenship pursuant to 28 U.S.C. § 1332. (*See* Doc. 1, *generally*). Partners allege that they are citizens of Massachusetts, that Spears is a California citizen, and that Signature is a citizen of Pennsylvania. (*See id*. at ¶¶ 3-8). Further, Partners contend that the amount in controversy exceeds $75,000.00, exclusive of punitive damages, interest, and costs. (*See id*. at ¶ 9). Spears agreed to the removal

of this action by notice of consent filed on October 12, 2017. (*See* Doc. 5, *generally*).

Signature filed the instant motion to remand and supporting brief on October 20, 2017. (*See* Docs. 6-7, *generally*). Therein, Signature requests that the Court exercise its discretion and decline to exercise jurisdiction over this case. (*See* Doc. 7, 6). The thrust of Signature's argument is that "[t]he issues to be decided in this dedicatory [sic] judgment action are purely those involving state law with none touching upon, even remotely, any federal interest." (*Id.*). Signature also contends that remand is proper on the basis of "judicial economy since there is currently pending an action in Lackawanna County and that the issues involved are exclusively those of state law." (*Id.*)[1]

On November 3, 2017, Spears filed its brief in opposition to the motion to remand. (*See* Doc. 10, *generally*). Citing the Third Circuit's recent decision in *Kelly v. Maxum Speciality Insurance Group*, 868 F.3d 274 (3d Cir. 2017), Spears argues that the relevant factors guiding a district court's decision of whether to abstain from entertaining a declaratory judgment action weigh in favor of retaining jurisdiction over the case. (*See* Doc. 10, 4-7).

Partners' brief in opposition to the motion to remand and supporting documents were filed on November 7, 2017. (*See* Doc. 11, *generally*). In its brief, Partners note that Signature did "not contend that complete diversity does not exist or that the amount in controversy does not exceed $75,000.00." (*Id.* at 8 n.4). Further, Partners submitted evidence indicating its initial estimation that it would cost $240,500.00 to

---

[1] Signature does not identify any action pending in state court. (*See* Doc. 7, *generally*). Rather, it appears that Signature is of the view that jurisdiction over the instant action which has been removed to federal court still exists in state court. This position is not correct. *See In re Diet Drugs*, 282 F.3d 220, 232 n. 6 (3d Cir. 2002) ("A proper filing of a notice of removal immediately strips the state court of its jurisdiction."); *California ex rel. Sacramento Metro. Air Quality Mgmt. Dist. v. United States*, 215 F.3d 1005, 1011 (9th Cir. 2000) ("The removal of an action to federal court necessarily divests state and local courts of their jurisdiction over a particular dispute.").

3

repair the purportedly defective piping in the modular units. (*See id*. at Ex. "H").[2] Partners subsequently provided additional evidence showing that it has incurred $300,110.08 in damages to repair the piping system. (*See* Doc. 13-2, *generally*).

Signature filed its reply brief in further support of its motion to remand on November 20, 2017. (*See* Doc. 12, *generally*). Signature takes the position that because its complaint requests only declaratory relief, Partners cannot show that this action meets the amount in controversy requirement set forth in 28 U.S.C. § 1332. (*See id*. at 3).

The motion to remand is now ripe for disposition.

## II. Discussion

As stated, Signature argues that this case should be remanded because: (1) the amount in controversy is not satisfied since only declaratory relief is sought in the complaint; and/or (2) it is proper for a district court to decline to exercise jurisdiction over a declaratory judgment action. (*See* Doc. 7, 3-6; Doc. 12, 3-6).[3] I will address those contentions in order.

Pursuant to 28 U.S.C. § 1441(a), "any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court of the United States for the district and division embracing the place where such action is pending." 28 U.S.C. § 1441(a). One jurisdictional basis on which a civil action may properly be removed to federal court is "where the matter in controversy exceeds the sum or value

---

[2] Exhibit "H" to Partners' brief in opposition to the motion to remand is also Exhibit "5" to Signature's Complaint. (*See* Doc. 1-1, Ex. "5").

[3] Notably, "because federal courts apply federal procedural law in federal actions, the [Declaratory Judgment Act] and not state declaratory judgment law supplies the procedural law that governs this case. This is not withstanding the fact that the relief sought in the removed Declaratory Action was requested under the Pennsylvania Declaratory Judgments Act, . . . ." *Kelly*, 868 F.3d at 281 n.4 (citations omitted).

of $75,000, exclusive of interest and costs, and is between . . . citizens of different States." 28 U.S.C. § 1332(a)(1). "[T]he party asserting federal jurisdiction in a removal case bears the burden of showing, at all stages of the litigation, that the case is properly before the federal court." *Frederico v. Home Depot*, 507 F.3d 188, 193 (3d Cir. 2007) (citation omitted). Removal statutes are to be strictly construed against removal, and all doubts are resolved in favor of remand. *See A.S. ex rel. Miller v. SmithKline Beecham Corp.*, 769 F.3d 204, 208 (3d Cir. 2014) (citation omitted).

Here, there appears to be no dispute that the parties are citizens of different states. (*See* Docs. 1, 7, and 10-13, *generally*). Thus, for diversity jurisdiction purposes, the question becomes whether the amount "in controversy exceeds the sum or value of $75,000, exclusive of interest and costs." 28 U.S.C. § 1332(a)(1). The statutory provision concerning the requirements for removal based on diversity provides, in relevant part, that

> (2) If removal of a civil action is sought on the basis of the jurisdiction conferred by section 1332(a), the sum demanded in good faith in the initial pleading shall be deemed to be the amount in controversy, except that --
>
> (A) the notice of removal may assert the amount in controversy if the initial pleading seeks --
>
> (i) nonmonetary relief; or
>
> (ii) a money judgment, but the State practice either does not permit demand for a specific sum or permits recovery of damages in excess of the amount demanded; and
>
> (B) removal of the action is proper on the basis of an amount in controversy asserted under subparagraph (A) if the district court finds, by the preponderance of the evidence, that the amount in controversy exceeds the amount specified in section 1332(a).

28 U.S.C. § 1446(c).

Initially, Signature's state court complaint does not establish the amount in controversy because it seeks only nonmonetary relief in the form of a declaratory judgment. *See id*. at § 1446(c)(2)(A)(i). As a result, pursuant to the removal statute, the amount in controversy is properly asserted in the notice of removal. *See id*. at §

5

1446(c)(2)(A)(ii). "Although declaratory judgments do not directly involve the award of monetary damages, 'it is well established that the amount in controversy in such actions is measured by the value of the object of the litigation.'" *Auto-Owners Ins. Co. v. Stevens & Ricci Inc.*, 835 F.3d 388, 397-98 (3d Cir. 2016) (alteration omitted) (quoting *Hunt v. Wash. State Apple Advert. Comm'n*, 432 U.S. 333, 347, 97 S. Ct. 2434, 53 L. Ed. 2d 383 (1977)); *Miller v. Liberty Mutual Grp.*, 97 F. Supp. 2d 672 (W.D. Pa. 2000) (denying motion to remand and rejecting the plaintiff's argument that the jurisdictional limit was not met where the complaint requested only declaratory relief and not damages); *see also* 14AA Charles Alan Wright et al., Federal Practice & Procedure § 3708 (4th ed. 2016) ("With regard to actions seeking declaratory relief, the amount in controversy is the value of the right or the viability of the legal claim to be declared, . . .").

The notice of removal establishes that the amount in controversy exceeds the jurisdictional minimum. (*See* Doc. 1, *generally*).[4] In determining whether the claim has met the amount in controversy requirement, "estimations of the amounts recoverable must be realistic. The inquiry should be objective and not based on fanciful, 'pie-in-the-sky,' or simply wishful amounts, because otherwise the policy to limit diversity jurisdiction will be frustrated." *Samuel-Bassett v. KIA Motors Am., Inc.*, 357 F.3d 392, 403 (3d Cir. 2004). "The court must measure the amount 'not . . . by the low end of an open-ended claim, but rather by a reasonable reading of the value of the rights being litigated.'" *Werwinski v. Ford Motor Co.*, 286 F.3d 661, 666

---

[4] When a plaintiff challenges the amount in controversy asserted by the defendant in a notice of removal, "both sides submit proof and the court decides, by a preponderance of the evidence, whether the amount-in-controversy requirement has been satisfied." *Dart Cherokee Basin Operating Co. v. Owens*, - - - U.S. - - -, 135 S. Ct. 547, 554, 190 L. Ed. 2d 495 (2014). Signature here has not submitted any proof as to the amount in controversy in opposition to the notice of removal other than asserting that Partners has "no evidence" that the jurisdictional limit is met. (Doc. 12, 3). As explained in the text, Signature is wrong.

(3d Cir. 2002) (quoting *Angus v. Shiley Inc.*, 989 F.2d 142, 146 (3d Cir. 1993)).

Applying this standard, Partners has submitted proof that the value of the object of the litigation exceeds the jurisdictional threshold. (*See* Doc. 11, Ex. "H"; Doc. 13-2, *generally*). More particularly, Partners originally estimated that it would cost $240,500.00 to reinstall the allegedly defective piping. (*See* Doc. 11, Ex. "H"). Partners has since incurred approximately $250,000.00 to, among other things, install compliant sprinkler systems and construct soffits enclosing the new sprinkler systems. (*See* Doc. 13-2, Ex. "B"). Thus, Signature's contention that Partners "has offered no evidence" that the amount in controversy is in excess of $75,000.00 falls flat. (Doc. 12, 3). Rather, Signature has not provided any evidence contesting these damages or that the jurisdictional minimum has been met. Based on the proof submitted by Partners, they have established by a preponderance of the evidence that the amount in controversy exceeds $75,000.00. Jurisdiction over this action therefore exists pursuant to § 1332.

Signature alternatively argues that even if the requirements of § 1332 are met, the Court should decline to exercise jurisdiction over the action because the complaint seeks only declaratory relief. (*See* Doc. 7, 3-6; Doc. 12, 3-6). "Granting a declaratory judgment is . . . discretionary and a court may abstain from entertaining an action seeking only declaratory relief." *Kelly*, 868 F.3d at 281 (citing *Reifer v. Westport Ins. Corp.*, 751 F.3d 129, 134 (3d Cir. 2014)). While this discretion is "substantial," it is still "bounded and reviewable." *Id*. at 282.

In determining whether to entertain a declaratory action, a court must first determine whether there is a "parallel state proceeding." *Id*. "Although the existence of a parallel state proceeding is but one factor for courts to consider, it is a significant factor treated with 'increased emphasis.'" *Id*. (quoting *Reifer*, 751 F.3d at 144). To be parallel, "there must be a substantial similarity in issues and parties between contemporaneously pending proceedings," and the "mere potential or possibility that two proceedings will resolve related claims between the same parties is not sufficient."

7

*Id*. at 283-84.

After the existence or non-existence of a parallel proceeding is determined, the following factors should be considered in determining whether to exercise jurisdiction:

> (1) the likelihood that a federal court declaration will resolve the uncertainty of obligation which gave rise to the controversy;
>
> (2) the convenience of the parties;
>
> (3) the public interest in settlement of the uncertainty of obligation;
>
> (4) the availability and relative convenience of other remedies;
>
> (5) a general policy of restraint when the same issues are pending in a state court;
>
> (6) avoidance of duplicative litigation;
>
> (7) prevention of the use of the declaratory action as a method of procedural fencing or as a means to provide another forum in a race for *res judicata* . . . .

*Id*. at 283 (quoting *Reifer*, 751 F.3d at 146).

Initially, there is no parallel state court proceeding pending to this action. *See, e.g.*, *Sechrist v. Farmland Mut. Ins. Co.*, No. 16-1155, 2016 WL 6082132, at *2 (M.D. Pa. Oct. 18, 2016). As such, "'the absence of pending parallel state proceedings militates significantly in favor of exercising jurisdiction, although it alone does not require such an exercise." *Kelly*, 868 F.3d at 282 (quoting *Reifer*, 751 F.3d at 144). And, because the absence of a pending parallel state proceeding is not outweighed by opposing factors, jurisdiction over this dispute will be retained. *See id*.

First, a declaratory judgment here will resolve the uncertainty that prompted the commencement of the declaratory judgment action in the Court of Common Pleas. *See Kelly*, 868 F.3d at 288.

Second, none of the parties will be inconvenienced by having this matter adjudicated in the federal forum as I sit in Luzerne County which is adjacent to Lackawanna County. *See id*.; *Sechrist*, 2016 WL 6082132, at *2.

8

Third, "the parties do not aver that any public interest is at stake other than the usual interest in the fair adjudication of legal disputes, an interest which the District Court is well-equipped to address." *Kelly*, 868 F.3d at 288.

Fourth, "the parties do not argue that other remedies would be adequate, let alone more convenient. The state and federal courts are equally able to grant effective relief in these circumstances." *Id.* at 289.

Fifth, the parties' obligations under the respective agreements are not pending in a state court. *See id.* Thus, the general policy of restraint is not applicable here.

Sixth, because there is no action pending in state court, there is no concern of duplicative litigation.

And, finally, there does not appear to be a concern about procedural fencing or *res judicata*.

In sum, given the absence of a pending parallel state proceeding and finding that the other factors do not outweigh the lack of such a proceeding, there is no basis to decline to exercise jurisdiction over the matter *sub judice*.

### III. Conclusion

For the above stated reasons, the motion to remand this action to the Court of Common Pleas of Lackawanna County will be denied.

An appropriate order follows.

February 26, 2018  /s/ A. Richard Caputo
Date  A. Richard Caputo
  United States District Judge